FREMONT, ELKHORN & MISSOURI· VALLEY RAILROAD COM-
PANY V. GEORGE GAYTON ET AL.*

FILED JANUARY 21, 1903.  No. 12,463.

Commissioner's opinion, Department No. 2.

1. **Owner of Land:** ARTIFICIAL ARRANGEMENTS: ADVANTAGE OF ONE
PART OVER ANOTHER: SEVERANCE. Where an owner of land by
any artificial arrangements effects an advantage for one portion
as against another, upon severance of the ownership the
grantees of the two portions take them respectively charged
with the easement and entitled to the benefit openly and visibly
attaching at the time of the severance.

2. **Railroad Company:** NUISANCE: SURFACE-WATER: DUTY TOWARD
OWNERS ONLY. Unless in cases where the standing water is a
nuisance, a railroad company is not negligent in so construct-
ing and maintaining its road as to cause surface-water to be
discharged upon a portion of its own land; it is under a duty in
this respect toward other owners only.

3. ——: CONSTRUCTION: ITS OWN LAND: EMBANKMENTS: BRIDGES:
DITCHES: SURFACE-WATER. Hence, where a railroad company
constructs its road across its own land and in so doing erects
embankments and bridges and digs ditches and borrow-pits,
by reason whereof surface-water is or may be collected and
discharged upon a particular portion of the tract, subsequent
grantees of that portion can not maintain an action against the
company by reason of the maintenance of such embankments,
bridges, ditches and borrow-pits in their original condition.
*Fremont, E. & M. V. R. Co. v. Harlin,* 50 Nebr., 698, 36 L. R. A, 417,
61 Am. St. Rep., 578, distinguished.

ERROR from the district court for Dodge county. Ac-
tion in the nature of case, to recover for diverting of water
by the landowners onto the premises of another. Tried
below before GRIMISON, J. Judgment for plaintiff. *Re-
versed.*

*Benjamin T. White, James B. Sheean, Clark C. McNish*
and *Andrew R. Oleson,* for plaintiff in error.

*Frederick W. Button, contra.*

Syllabus by court; catch-words by editor.
* The Sioux City & Pacific Railroad Company is the codefendant in
error. It also filed a separate petition in error, making Gayton and
the plaintiff above defendants in error. Both error proceedings are
involved in this opinion.

POUND, C.

The Sioux City & Pacific Railroad Company and the Union Pacific Railway Company, became the owners of the land involved in this controversy in 1873, through a grant from the general government. The Sioux City & Pacific Company constructed its road over the land, and in so doing built an embankment, dug certain ditches and borrow-pits, and put in bridges and culverts. After constructing its road, it conveyed the land to the Union Pacific Company, reserving a right of way 200 feet wide across that portion of the tract occupied by its road. Many years afterwards the Union Pacific Company conveyed the land to Solomon Gayton, lessor of the plaintiff, subject to said right of way. It is claimed that the Fremont, Elkhorn & Missouri Valley Railroad Company is operating the road. In the summer of 1898, George Gayton, the plaintiff, as tenant of said Solomon Gayton, was cultivating a portion of the tract, and had planted a crop of corn thereon. This action was brought to recover damages for injury to the corn by discharging surface-water upon the land from and through the ditches and borrow-pits in consequence of the manner in which the bridges and embankment had been built and maintained. The plaintiff's claim is that the bridges, embankment and road-bed were so negligently constructed and the ditches so negligently maintained that quantities of surface-water were collected from the surrounding land and discharged upon his field in a body. The defendants pleaded, among other things, the facts above set forth as to the original ownership of the land, and also that the embankment, bridges, ditches and borrow-pits were, in 1898, in the same condition in which they were originally constructed, and that there had been no change from that time until the time of the injury. At the trial, an instruction was requested to the effect that if, at the time the road was built and the embankment, bridges, ditches and borrow-pits constructed, the Sioux City & Pacific Company was the owner of the whole tract,

and the borrow-pits, bridges and embankments were in the same condition in 1898, at the time of the destruction of the plaintiff's crops, as when they were built and constructed, and as they were at the time the land was conveyed to said Solomon Gayton, the plaintiff could not recover.  This instruction was refused and its refusal, among other things, is assigned as error.

We think the instruction should have been given.  The evidence that the Sioux City & Pacific Company originally owned the whole tract and that plaintiff's lessor obtained title through mesne conveyances from that company, after the road was built, is undisputed.  The defendants introduced evidence tending to show that the only change which had taken place from the time the road was built until 1898, was that some dirt had been dug out of the borrow-pits and used upon the grade.  One witness, however, testified that the dirt had washed down from the track and was merely excavated and thrown back.  It is true one of the plaintiff's witnesses states that a change at one of the bridges was made "in the winter of 1897 or 1898."  Counsel for defendants in their brief construe this as referring to changes admittedly made after the injury complained of.  Counsel for the plaintiff insists that it refers to a change before the injury.  As this testimony stands it is ambiguous and would not require us to hold that the evidence conclusively shows a material alteration, in the face of the positive evidence adduced by the defendants.  At most there would be a question for the jury whether a change had taken place prior to the injury, and whether such change contributed to or caused the damage and amounted to negligence on the part of the railroad company.  Where an owner of land, by any arti- ficial arrangements, effects an advantage for one portion as against another, upon severance of the ownership the grantees of the two portions take them respectively charged with the easement and entitled to the benefit openly and visibly attaching at the time of the severance. *Lampman v. Milks,* 21 N. Y., 505; *Janes v. Jenkins,* 34

Md., 1, 6 Am. Rep., 300; *Cihak v. Klekr,* 117 Ill., 643, 7 N. E. Rep., 111.

In 2 Washburn, Real Property [5th ed.*], *29, it is said: "Though, as already remarked, a man can not have an easement in his own land, and ordinarily the union of title and possession of two estates in one owner extinguishes any prior existing easement in the one for the benefit of the other, there are cases where two estates have been so used in relation to each other, that, if the owner parts with one of them, he has been held to impliedly grant or reserve an easement in the one in favor of the other." The case at bar appears to come within this rule.

In *Lampman v. Milks, supra,* the owner of land across which there was a flowing stream diverted the stream so as to relieve a portion of the land which had formerly been overflowed. It was held that upon conveyance of such portion, neither he nor subsequent grantees of the portion retained could return the stream to its former bed to the injury of the first grantee. The court said (p. 507): "The rule of the common law on this subject is well settled. The principle is, that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains. This is one of the recognized modes by which an easement or servitude is created. No easement exists so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts. But the moment a severance occurs, by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases; and easements or servitudes are created, corresponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers only, but is entirely reciprocal. Hence, if, instead of a benefit conferred, a burden has been

*6th ed., sec. 1235.

imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with the servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts."

A distinction is doubtless to be made between cases where the easement so created is obvious and permanent and those where it is not equally open and visible to the purchaser. In the latter class of cases, it is usually held that the easement must be reasonably necessary to the enjoyment of that portion of the land for which it is claimed, or else must be reserved in the deed. *Cihak v. Klekr*, *supra*. But where the easement is attended by some alteration in the land, which in its nature is obvious and permanent and may be seen on inspection by any person who views the land, it is not required that it be necessary nor that it be expressly reserved. *Lampman v. Milks, supra*. In the case at bar the deed to Gayton and the deed to Gayton's grantor were expressly subject to the right of way of the Sioux City & Pacific Company. Its road-bed and the embankments, bridges, ditches and borrow-pits were obvious and permanent alterations of the land, which could not escape the notice of a purchaser. If they were so constructed as to discharge surface water upon the portion of the tract originally owned by the company, that also was a fact which the purchaser could not fail to observe, and doubtless entered materially into the purchase price.

We see nothing to change our conclusion in the many cases in which this court has held that the grant of a right of way does not release the company from liability for subsequent negligent construction and maintenance of its roadway. This is not a case where the owner of a tract has granted the company a right of way across it, but is one where the company has built its road across its own land. If it so constructed its road as to do no damage to adjoining landowners, the effect of the manner of construc-

tion upon its own land was a matter concerning no one but itself. Unless in cases where the standing water is a nuisance, a railroad company is not negligent in so constructing and maintaining its road as to cause surface water to be discharged upon a portion of its own land; it is under a duty in this respect toward other owners only. This prosposition appears to us self-evident; but *Omaha & R. V. R. Co. v. Martin,* 14 Nebr., 295, is not without relevance thereto.

The case of *Fremont, E. & M. V. R. Co. v. Harlin,* 50 Nebr., 698, 36 L. R. A., 417, 61 Am. St. Rep., 578, which is chiefly relied upon by the defendant, was a case where a landowner had conveyed a right of way across his land to a railway company. The court said expressly that if the release would have estopped the original owner, had he retained the land, it would likewise estop his grantee who brought the action. Not only is the *Harlin Case* readily distinguishable from the case at bar, for the reason that there the original construction of the road was negligent, and its maintenance so as to cause injury to the land across which the right of way had been granted was actionable in the first instance, but this case comes squarely within the exception announced by the court. Here the original owner of the Gayton tract was the company, and the company clearly had no standing to complain against itself of its own acts in the construction and maintenance of its road. Gayton took from the grantee of the company, who was in no position to complain; and if, as the company asserts and its evidence tends to prove, there had been no material change from the time the road was built until the injury occurred, the company was entitled to a verdict.

For the error in not submitting this defense to the jury, we think the judgment of the district court should be reversed and the cause remanded, and we so recommend.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.