WALTER R. MEIER ET AL., APPELLEES, v. GEORGE D. MAGUIRE ET AL., APPELLANTS, IMPLEADED WITH CHRIS WUNDERLICH ET AL., APPELLEES.

108 N. W. 2d 397

Filed March 31, 1961. No. 34910.

*Wagner, Wagner & Homan,* for appellants.

*Dougherty & Reed,* for appellees Meier.

*Walter, Albert & Leininger* and *William H. Grant,* for appellees Wunderlich.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

CARTER, J.

This is a suit in equity in which the plaintiff sought a reformation of two deeds which are alleged to have erroneously described two adjoining parcels of real estate conveyed by the defendants Wunderlich to the plaintiffs and the defendants Maguire respectively. The trial court reformed the deeds in accordance with the prayer of plaintiffs' petition and the defendants Maguire have appealed.

The evidence shows that in 1954 the defendants Wunderlich and others caused a certain tract of land to be subdivided and platted as the Wunderlich Subdivision to Columbus, Nebraska, and dedicated certain roads designated therein for the benefit of the public. Certain restrictive covenants were filed with the plat of the

subdivision. In 1957 the Wunderlichs were the owners of Lots 6, 7, and 8, Block C, of this subdivision.

Plaintiffs entered into an oral agreement with Wunderlich in 1957 for the construction of a residence on a part of Lots 6 and 7. The plaintiffs agreed to pay $16,500 for the property upon its completion. On May 22, 1957, plaintiffs paid $1,000 to bind the contract and Wunderlich commenced the construction of the residence thereon about May 28, 1957. Plaintiffs moved into the residence on August 15, 1957. The house was completed and final payment made about August 23, 1957. The deed was delivered on August 23, 1957.

In June 1957, the defendants Maguire entered into an oral agreement with Wunderlich for the construction of a residence for an agreed price of $14,400, which was to be built on a part of Lots 7 and 8. The Maguires moved into their home in September 1957. The construction was completed sometime after that date. Final settlement was had and the deed was delivered to the Maguires on December 10, 1957. The defendant Equitable Building, Loan and Savings Association, which was the holder of mortgages on the properties, did not participate in the trial.

The two deeds described the parcels of real estate with a common boundary line. The legal descriptions of the property were accurately set out in the pleadings and we do not deem it necessary to repeat them here. Suffice it to say that the parties more than a year later discovered that plaintiffs' house and driveway were 8 feet over on the Maguire property as the boundary line between them was described in their respective deeds from Wunderlich.

The building of plaintiffs' house 8 feet over on defendants' property appears to have been the result of a mutual mistake wholly unexplained by the record. When plaintiffs' driveway was being constructed some question as to the location of the common boundary line was raised. Wunderlich caused the city engineer to

locate the corners of plaintiffs' property. The driveway was constructed in accordance with the stakes placed by the city engineer. The city engineer testified that he made no survey to establish the corners and placed the stakes from other lot lines that he mistakenly assumed to be correct. The evidence clearly shows that the encroachment on defendants' property was the result of a mutual mistake which was not discovered until long after the parties had occupied their respective homes and accepted the deeds from Wunderlich.

We point out that on the date Wunderlich delivered the deed to the plaintiffs he was the owner of all of Lots 6, 7, and 8. He had not entered into a written contract of sale with either the plaintiffs or the defendants Maguire. In other words, he had not contractually bound himself to convey any specific property to the plaintiffs or the Maguires, although there appears to have been some understanding as to the land on which each house was to be built.

It appears to be the rule that when the owner of two adjoining tracts of real estate sells one of them, the purchaser takes the tract sold with all the benefits and burdens which belong to it as between it and the tract retained. Certainly, the plaintiffs had the right to assume that the deed would include the land upon which the house was built for the benefit of plaintiffs.

In Znamanacek v. Jelinek, 69 Neb. 110, 95 N. W. 28, 111 Am. S. R. 533, this court cited the following with approval: " 'Where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains.' " See, also, Fremont, E. & M. V. R. R. Co. v. Gayton, 67 Neb. 263, 93 N. W. 163.

In Christensen v. Luehrs, 133 Neb. 50, 273 N. W. 839, in a similar situation involving an easement, this court

adopted the theory of an implied grant of the benefits which appeared, at the time of the sale, to belong to it as between it and the land which the vendor retained. This case, and the authorities therein cited, is authority for the proposition that, under the facts of the present case, the plaintiffs are entitled to a deed to the real estate upon which the house and driveway were located. Wunderlich as the owner of both parcels of the real estate involved is required to convey to the Meiers as the first grantees the portion sold with all benefits which appeared at the time of the sale to belong to it as against the portion retained by him. Since Wunderlich as grantor cannot properly convey to the Maguires that which he had conveyed to the Meiers, the remedy of the Maguires is necessarily something other than the ejectment of the Meiers from the strip of land occupied by their house and driveway.

The extent of the implied grant is so much of the land as is reasonably necessary to convey the benefit openly and visibly attaching at the time of the severance. Christensen v. Luehrs, *supra*. The trial court found that there was an implied conveyance of a strip of ground 8 feet wide and 64 feet long, which was specifically described in the court's decree. The evidence sustains this finding of the trial court, and its decree ordering the reformation of the deeds in accordance therewith is a correct disposition of the issue.

The defendants Maguire rely upon Bennett v. Evans, 161 Neb. 807, 74 N. W. 2d 728. This case deals with the question of an implied reservation as distinguished from the implied grant we have in the present case. Whether the question is one of implied grant or implied reservation is dependent on whether or not the dominant or servient estate is first conveyed. In Bennett v. Evans, *supra*, the servient estate was first conveyed and a question of an implied reservation was involved. In the instant case the dominant estate was first conveyed and the question is one of implied grant. As we stated in

that case, implied grants are not favored, although they are more favored than implied reservations. The factor of necessity is involved in both. In Bennett v. Evans, *supra*, we held that the evidence did not show any strict necessity for the plaintiffs' encroachment and that the grant of an implied reservation, though convenient, was not necessary. In the instant case an implied grant is necessary in order that plaintiffs have the title to the land upon which their house and driveway were built by the grantor. The case of Bennett v. Evans, *supra*, is correct on the facts of that case, but it has no application to the situation existing in the instant case.

The defendants Maguire claim damages for the violation of a restrictive covenant providing for a 10-foot side line set back for houses constructed in the area. There was no evidence of damage sustained by the defendants Maguire, and the trial court properly dismissed the claim for damages for want of proof.

The trial court came to the same conclusion as does this court. The judgment of the district court is therefore affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.