## MASON v. LETTS

ACTION—PERSONAL INJURIES—STATUTE OF LIMITATIONS—TOLLING OF STATUTE—SERVICE OF SUMMONS.

Service of a summons without serving the complaint does not toll the statute of limitations (CLS 1961, § 600.5856).

Appeal from Kent, Snow (Roman J.), J. Submitted Division 3 November 12, 1968, at Grand Rapids. (Docket No. 5,028.) Decided November 27, 1968.

Complaint by Jessie Mason against John Letts and Agatha Letts for personal injuries suffered in a fall on defendants' stairway. Defendants' motion for accelerated judgment granted. Plaintiff appeals. Affirmed.

*John B. Mitus,* for plaintiff.

*Cholette, Perkins & Buchanan* (*Edward D. Wells* and *Richard D. Ward,* of counsel), for defendants.

PER CURIAM. Plaintiff filed a complaint to recover for personal injuries allegedly suffered on October 3, 1964, as an invitee on steps claimed to be defective on premises owned but not occupied by defendants. Defendants' motion for accelerated judgment was granted in circuit court on the ground

---

REFERENCE FOR POINTS IN HEADNOTE
34 Am Jur, Limitation of Actions § 247.

that the action was barred by the statute of limitations.

The issue presented for review is: Does the fact that defendant John T. Letts was personally notified by plaintiff's attorney and that Agatha Letts had knowledge approximately six months prior to the institution of suit that suit would be instituted, estop them from raising the defense of the statute of limitations?

We find the trial judge's opinion hereinafter stated to properly determine the above issue and adopt it as our own.

"CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805) is the general statute on limitations of actions [for injury to person or property], and provides that the period of limitations is three years for actions to recover damages for injuries to persons and property.

"CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856) provides that the statutes of limitations are tolled when

" '(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

" '(2) jurisdiction over the defendant is otherwise acquired, or when

" '(3) the complaint is filed and a copy of the summons and complaint, in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter.'

"Let us examine the record with respect to the above provisions providing for a tolling of the statute. Plaintiff states in her complaint that the accident happened October 3, 1964. In her brief she indicates that she desires to amend her complaint to allege that the accident happened October 9, 1964. However, no such amendment or notation

to amend has yet been filed, so this court must take the pleadings as presently filed. Plaintiff alleges that service was made on defendant, John T. Letts, on October 6, 1967, by serving two copies of summons upon him, but that the complaint was not served upon him and that he accepted service of summons for his wife, Agatha.

"Defendant John T. Letts stated that he was not served until October 23, 1967, and then only with two copies of the summons and not a copy of the complaint; that he had no recollection of saying that he would accept service of process for his wife, but that he would have if asked.

"Assuming that the accident happened October 9, 1964 service of two copies of the summons on defendant John T. Letts on October 6, 1967 would not toll the statute of limitations because copies of the complaint were not served on him. Service of summons without serving the complaint does not comply with the statute. Paragraph 1 of CLS 1961, § 600-.5856 (Stat Ann 1962 Rev § 27A.5856) specifically says that a statute of limitations is tolled when the complaint is filed and a copy of the summons and complaint are served on the defendant.

"Assuming that the accident happened October 9, 1964, as plaintiff claims in his brief but does not allege in the complaint, and service was made on October 23, 1967, service was not made within the three-year period and was too late to toll the statute.

"Assuming that the accident happened October 3, 1964, and service was made on October 6, 1967, service was made too late to toll the statute.

"Under any circumstances the provisions of paragraph (1) of CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856) were not complied with."

GCR 1963, 105.1 prescribes the procedure by which personal jurisdiction is to be effected:

"Individuals, personal service. Service of process may be made upon an individual by leaving a summons and a copy of the complaint with the defendant personally."

Nowhere on the record does it appear that defendant John T. Letts was ever personally served with a copy of the complaint. The portion of the return of service referring to service of a copy of the complaint is crossed out in ink on the original sealed document. Neither the complaint nor plaintiff's affidavit alleges that John T. Letts was ever personally served with a copy of the complaint. This defect was fatal, and the court never actually had personal jurisdiction over either defendant according to statute or court rule.

We are in agreement with the trial court that plaintiff's argument based upon estoppel, the only argument relied upon in this appeal, must fail because plaintiff neither shows nor even alleges intentional or negligent fraud on the part of defendants. *Klass* v. *City of Detroit* (1901), 129 Mich 35; *Fontana* v. *Ford Motor Co.* (1936), 278 Mich 199; *Hughes* v. *City of Detroit* (1953), 336 Mich 457.

Affirmed. Costs to defendants-appellees.

HOLBROOK, P. J., and T. G. KAVANAGH and McINTYRE, JJ., concurred.