The STATE of Minnesota, ex rel. Diane BURGESS, individually and as mother and natural guardian of Robert, a minor child, Respondent,

v.

Robert BURGESS, Appellant.

No. C9–86–947.

Court of Appeals of Minnesota.

Nov. 25, 1986.

Thomas L. Johnson, Hennepin Co. Atty., Linda K. Jenny, James Appleby, Asst. Hennepin Co. Attys., Minneapolis, for respondent.

John D. Hagen, Jr., Minneapolis, Gary M. Hird, Roe & Schmidt, Ltd., Minneapolis, for appellant.

Heard, considered, and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

Robert Burgess appeals a December 1985 order registering in Minnesota a child support order entered in Michigan on May 31, 1974. Appellant claims he was not served with a summons and complaint prior to the 1974 hearing and that the Michigan court did not have jurisdiction over him. We agree and reverse.

## FACTS

Diane and Robert Burgess separated in 1968 after appellant, Robert Burgess, was sent to prison. In 1982, Diane Burgess divorced appellant by default. Earlier, in 1974, Diane Burgess brought a child support action in Hennepin County under the Uniform Reciprocal Support of Enforcement Act. Hennepin County referred the matter to Wayne County, Michigan, where appellant lived. Diane Burgess received Aid to Families With Dependent Children (AFDC) payments for the majority of the time the parties were separated.

Appellant testified that in 1974 he received a letter from the Wayne County, Michigan, "Friend of the Court" office instructing him to come in for an interview. He testified that he could not recall how many sheets were in the envelope, and he admitted that it was possible that the papers could have been a summons and complaint. On May 9, 1974, a Friend of the Court worker interviewed appellant. Appellant told the worker that he had sparse income and was unable to pay a fixed amount of support. He told the worker that his occupation was a "player" and that "Miss X" paid his basic living expenses.

The Friend of the Court employee advised appellant that he would be receiving a copy of the Friend of the Court's support recommendation as well as notification of a support hearing date. Appellant testified that he gave the Friend of the Court employee his then current address, "2526 Belvedere." He testified that he received no further communications, and that he assumed that the matter had been dropped because he had no regular income.

The hearing was held May 31, 1974, and appellant did not appear. The Michigan court file contained a copy of an affidavit of service by mail of the support order issued May 31, 1974. The affidavit indicated that the order was mailed to "3378 Hunt, Detroit, Michigan."

Over appellant's hearsay objection, a Minnesota court admitted a 1985 letter from the Michigan Friend of the Court office to the Hennepin County payment counsellor stated that appellant had given the Hunt Avenue address at the May 9 interview. Appellant testified that he did not receive a copy of the order. No documentation was offered from the Michigan file to substantiate the address appellant had given the worker.

On May 12, 1982, pursuant to a motion by the Hennepin County welfare department, a Hennepin County judge ruled that appellant owed a duty of child support, and instructed the clerk of court to send a copy of the May 31, 1982, order together with a certified copy of Minn.Stat. § 518.41–53 (1980) to Wayne County, Michigan, for the purpose of collecting support from appellant. On March 11, 1985, Hennepin County registered the Wayne County support order.

Appellant timely moved to vacate registration of the 1974 support order on the ground that he had not been properly served with a summons and complaint prior to the 1974 support hearing. On June 12, 1985, a referee confirmed registration of the 1974 order. On July 16, 1985, a judge remanded the matter for an evidentiary hearing to address appellant's defense that he was not served. The referee found that appellant had not been served and vacated the Michigan order. The State moved the judge to review the vacation order. On December 29, 1985, the judge issued new findings, reinstating the registration of the Wayne County order. The judge found that appellant had not met his burden of proving that he was not served with the summons and complaint or with a copy of

the support order. Robert Burgess appeals.

## ISSUE

Does the evidence support the trial court's finding that appellant was properly served with the summons and complaint prior to the May 31, 1974, hearing?

## ANALYSIS

### Friend of the Court Office

Michigan has established the Friend of the Court office to assist in processing dissolution matters. *See* Mich.Comp.Laws § 552.251 (1939). The office was established

> for the purpose of enforcing payment of all delinquent payments duly ordered and decreed by said circuit courts for the support, maintenance and education of dependent minor children, in causes pending or where parents have been divorced where said dependent minor children for any reason are not receiving proper care, maintenance and education and are liable to become a public charge.

Mich.Comp.Laws 552.251 (1939). The Friend of the Court is empowered to *bring* actions. Mich.Comp.Laws § 552.252 (1939). The Friend of the Court

> shall have full power by citation or other order duly issued by the circuit court to compel the attendance of witnesses to take testimony and to do each and every thing necessary, including the taking of contempt proceedings, to collect any and all delinquent payments due for said dependent minor children, to make recommendations to the circuit courts * * * [J]udges * * * may refer to the "Friend of the Court" for investigation and recommendation all pleadings, including motions in divorce [and] separate maintenance * * *. The court may designate the "Friend of the Court" to act as referee in the taking of testimony of witnesses and hearing the statement of parties upon pending motions and * * * so designated shall take and subscribe the oath of office provided by constitution

and shall have authority to administer oaths and examine witnesses and shall make a written, signed report to the court containing a summary of the testimony and a recommendation for the court's findings and disposition.

Mich.Comp.Laws § 552.253 (1939).

### Burden of Proof

■ . Appellant argues that the trial court improperly placed on him the burden of pleading and proving Michigan law with respect to service of process. The court made the following finding:

> Respondent relies on Michigan Statutes § 780.163 and § 600.701. These sections are general recitals of the requirements of jurisdiction. No evidence of the specific requirements of Michigan law have been offered as evidence.

In its accompanying memorandum, the court stated that the burden of "pleading and proving Michigan law" is on appellant. The court concluded that:

> The issuance of the May 31, 1974, order for child support creates a presumption that Michigan law was complied with. Respondent has not rebutted that presumption.

Neither party offered the court the 1974 Michigan law governing service of process in an action for temporary support. We take judicial notice of Mich.Comp.Laws § 552.9a(3) (1958), in effect at the time of the temporary support hearing in 1974:

> No decree * * * shall be granted in any case except when one of the following facts exist:
>
> *   *   *   *   *   *
>
> (3) The defendant shall have been brought in by publication or shall have been personally served with process in this state, or shall have been personally served with a copy of the order for appearance and publication within this state or elsewhere, or has voluntarily appeared in such action or proceeding.

Under Mich.Comp.Laws § 552, this rule also applies to service of process for temporary child support. Respondent conceded at oral argument that personal service was

necessary in this case to confer jurisdiction on the court issuing the temporary order.

The State argues that a presumption of personal jurisdiction exists:

> The general rule * * * is that, when a court of record—that is, a court having a judge, clerk, and seal—has assumed to exercise jurisdiction over the subject-matter of a controversy or proceeding, and has pronounced judgment, therein, it will be presumed in all courts of other jurisdictions, upon the production of a certified copy of the judgment authenticated as required by the act of Congress, that the court had jurisdiction of the subject-matter of the proceeding and authority to render the judgment.

*State v. Webber*, 96 Minn. 422, 429, 105 N.W. 490, 492 (1905). The court ruled that proper assertion of personal jurisdiction over appellant could be assumed by the existence of the judgment for child support. We do not agree. The presumption is rebutted by substantial proof to the contrary. *See Anderson v. City of Minneapolis*, 258 Minn. 221, 227, 103 N.W.2d 397, 402 (1960). Appellant testified under oath that he was not personally served with the summons and complaint, and this testimony was not rebutted. The Michigan court file contains no affidavit of personal service. What record there was is sufficient to rebut the presumption of personal service. Respondent offered no real proof but relied on the presumption. Lack of personal service is a fatal defect depriving the court of personal jurisdiction. *See Mason v. Letts*, 14 Mich.App. 330, 331, 165 N.W.2d 481, 483 (1968).

The court found that appellant was merely served by mail prior to the 1974 hearing. Service by mail is ineffective under Michigan statute. We hold that the evidence does not support a finding that appellant was properly served. The Wayne County court did not have jurisdiction over appellant through service of process.

### Appearance

■ The court found that appellant's appearance before the Wayne County Friend of the Court on May 9, 1974, constituted an admission of service and consent to the Wayne County family court's jurisdiction. This finding is not supported by the evidence. Appellant received a letter instructing him to appear in the Friend of the Court office to give the office information on his financial status. The parties did not offer a copy of the letter into evidence, although some documents from the Wayne County court file were part of the Hennepin County file. While appellant testified that this mailed notice to attend an interview may also have contained a summons and complaint, service by mail was not proper.

The meeting at the Friend of the Court office was an informational interview and not a hearing. Appellant did not have knowledge of the upcoming court proceedings, nor did he have an intention to appear and consent to the jurisdiction of the court. In fact, he testified that he had assumed there would be no hearing because he had told the Friend of the Court office that he could not afford to pay regular child support.

> Knowledge of the pending proceedings and an intention to appear are ordinarily requisite to render an act or course of conduct an appearance. An appearance is not to be inferred except as a result of acts from which an intent to do so may properly be inferred.

*Rhodes v. Rhodes*, 3 Mich.App. 396, 401, 142 N.W.2d 508, 511 (1966). We cannot stretch the informational interview into an appearance. None of the court's findings support an inference that appellant intended his attendance at the interview to constitute an appearance. He was not represented by counsel, and he was uncertain of the purpose of the interview, other than to obtain financial information relative to his ability to pay child support.

### Service of the Order

The State argues that even if appellant did not receive proper notice of the hearing, the court properly found that he did receive a copy of the May 31, 1984, order for child support. The court disbelieved appellant's

testimony that he had not received a copy of the order, and held that he was estopped from contesting the validity of the order because "[i]t would be unconscionable to allow [appellant] to attack that order and avoid his obligation after remaining silent for over ten years."

The finding that appellant was served with a copy of the order is not supported by the evidence. The affidavit of mailing contained in the Michigan file indicates that the order was mailed to the Hunt Street address, not the Belvedere address where appellant lived. Moreover, service of the order alone, following either ineffective service or no service of the summons and petition, does not cure the jurisdictional defect.

## DECISION

The trial court's finding that appellant was personally served with a summons and complaint prior to the 1974 temporary support hearing is not supported by the evidence.

Reversed.