968 F.2d 603
 59 Fair Empl.Prac.Cas. (BNA) 385,
59 Empl. Prac. Dec. P 41,615
Richard ARENS, Thomas Balke; William Bartling; Alyson
Bazzett; Richard Boe; Louis Borello; William Cannon;
Frances Carr; David L. Cash; Lillian Chapton; Larry
Cross; Bobby DeBoer; Frank DeWildt; Marion Dougherty;
Linda Dunn; Lonzie Earvin; Greta Fails; Donald Fetrow;
Charles Francisco; Frank Geluso; Mildred Grover; Carl
Harig; Craig Harrington; Kerry Harrington; Michael
Harrington; Jesse Harris; Donald Hoekstra; Randy Holmes;
Robin Hughes; Debra Jarrett; Peggy Jordan; Roger Kamps;
James Kelley; Rose Kilgore; Thomas Kloosterman; Ray
Langford; Gwendolyn Lawrence; Timothy Lombard; Jose A.
Lopez; Terry Martini; Kenneth Meekhof; William R. Mercer;
Karen A. Mercer; Kenneth Miller; Robert Monroe; Doug
Mutschler; Frederick G. Nilson; Bonnie Pepper; Herman
Renkema; Francisco Reyes; Doris Robinson; Robert Rodgers;
Wayne Rosendahl; Rose Mary Smith; Alice Springer; Joseph
Strandberg; Glen Termeer; Billie A. Upton; James Uzarski;
Mildred Vandermark; David M. Vandermolen; Sue
Vandermolen; Richard Vanslyke; Donald Vantuinen; Pablo
Verdeja; Gary B. Walker; Harold Weaver; Frederick
Webster; Elaine Wheaton; Roger Woodcox, Plaintiffs-Appellants,
v.
G.R. MANUFACTURING COMPANY, A foreign corporation; and
White Consolidated Industries, Inc., a foreign
corporation, Jointly and Severally,
Defendants-Appellees.
 Nos. 91-1553, 91-2238.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 5, 1992.
Decided July 1, 1992.
Rehearing Denied July 27, 1992.
 
 Frank J. Chambers (argued and briefed), Martin R. Sturm (briefed), Chambers, Steiner, Mazur, Ornstein & Amlin, Kalamazoo, Mich., for plaintiffs-appellants.
 Stephen D. Turner (argued and briefed), Stephen S. Muhich, Dykema, Gossett, Spencer, Goodnow & Trigg, Grand Rapids, Mich., for defendants-appellees.
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and WEBER,* District Judge.
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 The plaintiffs filed these actions in the United States District Court for the Western District of Michigan. The district court dismissed the first for failure to timely serve process and lack of subject matter jurisdiction and the second for failure to comply with the statute of limitations. We affirm in part and reverse and remand in part.
 
 
 2
 * White Consolidated Industries ("WCI") is a manufacturer of durable kitchen appliances. In 1987 WCI determined that it would need to close one of its plants. Initially, WCI targeted its Mansfield, Ohio plant. However, the company eventually decided to close its Wyoming, Michigan range plant, which was operated through WCI's subsidiary, Grand Rapids Manufacturing Co. ("G.R."). The decision was announced on September 1, 1987. WCI followed this with an October 1987 announcement of its intention to cease production at the Wyoming facility by December 31, 1987. WCI and the union entered into a termination agreement with an effective date of December 4, 1987. The agreement expressed WCI's intention to terminate all collective bargaining unit employees by April 30, 1988.
 
 
 3
 WCI did in fact cease production by December 31, 1987. However, a few collective bargaining unit employees were kept on to maintain and make improvements to the plant. All bargaining unit employees were terminated by April 30, 1988.
 
 
 4
 A number of employees filed suit in Michigan state court claiming G.R. chose the Wyoming plant for closure because of the age of its workforce, thereby violating Michigan's Elliott-Larsen Act, Mich.Comp.Laws § 37.2101 et seq. ("the Wiseman action").[1] The case was subsequently removed to the United States District Court for the Western District of Michigan on the grounds of diversity. The court then ordered the plaintiffs to join all additional parties by October 1989, by which time there were 317 plaintiffs. In August 1990, seventy former employees who had not joined the Wiseman action brought this case ("Arens I "). Substantively, these actions are identical.
 
 
 5
 On December 8, 1990, the Arens I summons expired without being served. On December 18, 1990, the district court issued sua sponte an order to show cause why Arens I should not be dismissed for failure of service. On March 13, 1991, the district court dismissed Arens I for failure to serve process and for lack of subject matter jurisdiction.
 
 
 6
 The Arens plaintiffs filed a second action ("Arens II ") on March 18, 1991. The district court dismissed this action as time-barred, rejecting the argument that the three-year statute of limitations did not begin to run until the plant was closed on April 30, 1988.
 
 II
 
 7
 The district court ruled that the plaintiffs' complaint in Arens I failed to satisfy the amount in controversy requirement, 28 U.S.C. § 1332. The plaintiffs do not appeal this determination. Since there is no dispute that the court lacked subject matter jurisdiction over Arens I, that appeal is dismissed without regard to or consideration of arguments relating to service of process.
 
 III
 
 8
 The Arens II complaint satisfied all requirements of subject matter jurisdiction. However, G.R. contends that this complaint did not satisfy the statute of limitations. Age discrimination actions brought under Michigan's Elliott-Larsen Act must be filed within three years of the date on which they accrue. See Mich.Comp.Laws § 600.5805(8).
 
 
 9
 For the purposes of determining when their individual causes of action accrued, the seventy Arens II plaintiffs fall into two categories: those whose last day of work occurred after the plant closing was announced and those whose last day of work occurred before the announcement. The claims of plaintiffs in the first category accrued on the last day they worked. Janikowski v. Bendix Corp., 823 F.2d 945, 949 (6th Cir.1987). The uncontradicted affidavit of Gina Andresen establishes that the last date worked for all but six plaintiffs was prior to March 1, 1988. Therefore, the complaint was filed beyond the three year limitations period for all plaintiffs in this category.
 
 
 10
 The rule announced in Janikowski cannot apply to plaintiffs in the second category. These plaintiffs were laid off prior to G.R.'s decision to close the plant. It is well-settled that a cause of action under the Elliott-Larsen Act does not accrue until a discriminatory act takes place. Northville Public Schools v. Michigan Civil Rights Comm'n, 118 Mich.App. 573, 579, 325 N.W.2d 497 (1982). The act challenged here is the decision to close the Wyoming facility and the attendant termination of the various plaintiffs' employment. Since the act that the second category of plaintiffs contest is not their layoff, their causes of action did not accrue on their last date of work.
 
 
 11
 A cause of action accrues when a plaintiff knows or should reasonably know that he has a possible cause of action. See Grimm v. Ford Motor Co., 157 Mich.App. 633, 638, 403 N.W.2d 482, app. denied, 428 Mich. 902, 406 N.W.2d 465 (1986). Plaintiffs who were laid off before the plant closing was announced should have known, in the wake of this announcement, that they would not be called back to work. Certainly, they should have realized this by December 31, 1987--the day on which production ceased. Using either the date production ceased or the date the closing was announced, it was more than three years before the complaint was filed that the second category of plaintiffs should have known that their employment was terminated pursuant to G.R.'s decision to close the Wyoming range plant.
 
 
 12
 As to the six plaintiffs not covered by the Andresen affidavit, William Bartley, Marion Dougherty, Peggy Jordan, Roger Kamps, James Kelley, and Rose Mary Smith, G.R. has failed to submit any evidence regarding their last date worked.[2] Some G.R. employees continued to work after March 18, 1988. Since G.R. bears the burden of proof on this issue, e.g., Blaha v. A.H. Robins & Co., 536 F.Supp. 344, 345 (W.D.Mich.1982), aff'd, 708 F.2d 238 (6th Cir.1983), we cannot assume that Bartley, Dougherty, Jordan, Kamps, Kelley, and Smith were not among them, in which case their claims may not be time-barred. Therefore, we remand the claims of these plaintiffs for determination of their last date worked.
 
 
 13
 Finally, both categories of plaintiffs believe that, due to equitable considerations, the statute of limitations was tolled during the pendency of Arens I. Resort to equitable grounds to toll the limitations period is "very much restricted." Geromette v. General Motors Corp., 609 F.2d 1200, 1203 (6th Cir.1979), cert. denied, 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). The plaintiffs argue that since G.R. had actual notice of their action and no prejudice resulted from exceeding the limitations period their claim should not be held time-barred. However, actual knowledge is not a sufficient basis for equitable tolling. Mason v. Letts, 14 Mich.App. 330, 331-33, 165 N.W.2d 481 (1968). The plaintiffs must show conduct on the part of G.R. that prevented the assertion of their rights within the statutory period. Geromette, 609 F.2d at 1203; Mason, 14 Mich.App. at 333, 165 N.W.2d 481; see Cronin v. Minster Press, 56 Mich.App. 471, 481-82, 224 N.W.2d 336 (1974). There is no evidence that G.R. engaged in such conduct.
 
 IV
 
 14
 We affirm the dismissal of Arens I as to all plaintiffs and the dismissal of Arens II as to all plaintiffs except William Bartley, Marion Dougherty, Peggy Jordan, Roger Kamps, James Kelley, and Rose Mary Smith. On remand, the district court should make findings as to the dates on which Bartley, Dougherty, Jordan, Kamps, Kelley, and Smith last worked at G.R.'s Wyoming range plant.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 No claim was filed under the corresponding federal statute
 
 
 [2]
 The failure to account for several of these plaintiffs appears to stem from name changes and clerical errors. It seems that Marion Dougherty is also known by her maiden name, Marion Wondergem. Rose Mary Smith is also known as Rose Mary Hagen and Rose Mary Rainville. William Bartling was incorrectly listed as William Bartley on the Arens II complaint. The Andresen affidavit also indicates that G.R. has no employment records for plaintiff Robert Mercer. However, the Beller affidavit, submitted by the plaintiffs, admits that Robert Mercer's full name is William Robert Mercer. The Andresen affidavit, which is uncontradicted, establishes Mercer's last date of work as December 29, 1987. Thus his claim is time-barred