### ANTRIM v. ALBRECHT.
### Civ. A. No. 11072.

United States District Court
E. D. Michigan, S. D.

June 3, 1954.

Clifford F. Brown, Norwalk, Ohio, Bernard L. Walsh, Detroit, Mich., for plaintiff.

Shirley T. Johnson, Detroit, Mich., for defendant.

THORNTON, District Judge.

The Court has before it a motion for summary judgment of no cause of action filed by the defendant herein. Since the filing of said motion the plaintiff has filed an amended complaint and, subsequently, a motion to file a different amended complaint in place of the one previously filed. The parties have agreed that the summary judgment motion be treated as addressed to the last amended complaint dated April 17, 1954.

The gist of plaintiff's complaint, original as well as amended, is that the defendant's decedent performed an illegal operation upon the person of the wife of plaintiff's decedent, and that such act caused said wife to become alienated from her husband, plaintiff's decedent. Plaintiff is the administratrix of the estate of the husband, Charles Antrim. Defendent is the administratrix of the estate of the deceased doctor, Herman F. Albrecht.

The plaintiff denominates the suit as one for alienation of affections, the alienation allegedly being caused by the surgical act of a third party. The wife, according to the allegations in the complaint, obtained a divorce from her husband shortly after the operation. This action was commenced by the administratrix of the husband against the doctor who allegedly performed the operation. The doctor having become deceased after the commencement of the action, his administratrix was substituted as party defendant. Jurisdiction is alleged to exist by reason of diversity of citizenship of the parties, and the presence of the jurisdictional amount.

It is well settled that for the purposes of diversity jurisdiction, a federal court is in effect only another court of the state. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743; Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. If this action is one that might not be maintained in the courts of this state, then it may not be maintained here. Angel v. Bullington, supra.

In the state of Michigan where this court sits, suits for alienation of affections have been abolished by statute. M.S.A. 25.191, Comp.Laws Mich.1948, § 551.301. So strong is the public policy of the state in this regard that the very commencement of such an action carries a penalty. M.S.A. 25.197, Comp.Laws Mich.1948, § 551.307. The statute expressly states that it applies to such cause of action whether it arose within or without the state. M.S.A. 25.192, Comp.Laws Mich.1948, § 551.302. Because of the Michigan statute, we have no choice but to grant the motion for summary judgment of no cause of action.

A judgment may be presented accordingly.