RALPH SHRADER, INC., v. THE ECCLESTONE
CHEMICAL COMPANY, INC.

1. LIMITATION OF ACTIONS—TOLLING—DISMISSAL AND NONSUIT—
JURISDICTION.

   The statute of limitations is tolled from the time of service or the acquisition of jurisdiction over a defendant until dismissal, where that action is dismissed on some ground other than on the merits (MCLA § 600.5856).

2. COURTS—FEDERAL COURTS—DIVERSITY JURISDICTION.

   A Federal court is in effect only another court of the state for the purposes of diversity jurisdiction.

3. LIMITATION OF ACTIONS—TOLLING—DISMISSAL AND NONSUIT—
FEDERAL COURTS.

   The statute of limitations was tolled when plaintiff filed suit in Federal court and it was immaterial that the Federal court dismissed his action because it lacked jurisdiction of the subject matter (MCLA § 600.5856).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 34 Am Jur, Limitation of Actions § 237.
[2] 20 Am Jur 2d, Courts §§ 12, 13.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 December 5, 1969, at Detroit. (Docket No. 6,521.) Decided February 26, 1970. Leave to appeal granted July 30, 1970. 383 Mich 811.

Complaint by Ralph Shrader, Inc., a California corporation, against the Ecclestone Chemical Company, Inc., a Michigan corporation, for damages resulting from defective cresylic acid supplied by defendant. The Midland Tar Distillers, Ltd., a British corporation, and the Midland Tar Distillers, Inc., a New Jersey corporation, were joined as third-party defendants. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Hinks, Knight & Putnam,* for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr,* for defendant.

BEFORE: R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

R. B. BURNS, P. J. On March 1, 1965 plaintiff filed suit in the United States District Court for the eastern district of Michigan, alleging that it was a California corporation that had purchased from Ecclestone Chemical Company, a Michigan corporation, a quantity of cresylic acid on September 27, 1963, to be used in producing immersion cleaner, but that the acid did not conform to previous samples, was defective and caused plaintiff to suffer substantial damages.

On April 19, 1967 the suit was dismissed without prejudice when during trial it became apparent that plaintiff was also established in Michigan and

the court lacked the necessary diversity jurisdiction.

On May 8, 1967 plaintiff filed its present suit but a motion for summary judgment was granted by the trial court on the ground that the action was barred by the three year statute of limitations. MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

Plaintiff appeals, claiming its cause of action was not in tort but in contract so that the three year statute did not apply, or if the three year statute of limitations did apply it was tolled when plaintiff originally filed suit in Federal court. Because of our decision in regard to the latter claim it will not be necessary to undertake an analysis of the nature of plaintiff's cause of action against the defendant.

MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The committee comment explaining the statute says:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until

dismissal will not count as part of the time of limitation, for during such time the statute has been tolled."

The Federal court suit was not dismissed on the merits; it was dismissed for lack of jurisdiction over the subject matter.

Defendant relies on *Lillibridge* v. *Riley* (CA 5, 1963), 316 F2d 232, wherein the United States Court of Appeals, Fifth Circuit, held that in order for the Georgia renewal statute[1] to prevent the operation of the statute of limitations, the first suit must have been one in which the court had jurisdiction of the parties and of the subject matter. This decision was consistent with the applicable law as applied by the Georgia courts.

We prefer the reasoning of Judge Cardozo in *Gaines* v. *The City of New York* (1915), 215 NY 533, 537, 539, 540 (109 NE 594–596). The plaintiff sued the city of New York in the city court which did not have jurisdiction over actions against the city. Judge Cardozo wrote:

"Both the Appellate Term and the Appellate Division have held that the limitation prescribed by that section[2] does not apply where the first action has been dismissed for the failure of jurisdiction. They have held that such an action is a nullity for all purposes. We do not share that view.

\* \* \*

"That the plaintiff's case is within the letter of the statute is hardly doubtful. He brought an action against the defendant, and the action was terminated otherwise than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits. If the protection of the statute is to be denied to him, it ought to be clearly shown that his case,

---

[1] Ga Code § 3–808.
[2] NY Code of Civil Procedure § 405.

though within the letter of the statute, is not within its reason. We think that the defendant has been unable to sustain that burden. The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction, stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. * * * There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights."

For the purposes of diversity jurisdiction a Federal court is in effect only another court of the state. *Antrim* v. *Albrecht* (ED Mich, 1954), 121 F Supp 618.

We must presume, absent direct language to the contrary, that our state legislature enacted the tolling statute after due and reasonable consideration of the similar situations that could arise in the courts of this state, including the Federal courts in diversity cases. Defendant received timely notice that plaintiff intended to pursue its claim against it under the substantive law of Michigan. It has not shown any abuse of jurisdiction by plaintiff. We, therefore, discern no reason to hold otherwise than that the plaintiff's cause of action came within the protective mantle of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

Reversed and remanded. Costs to plaintiff.

All concurred.