BLAIR v WAYNE STATE UNIVERSITY

1. COLLEGES AND UNIVERSITIES—RESIDENCY REQUIREMENTS—CONSTITU-
   TIONAL LAW—DUE PROCESS.
   A university's residency regulations for tuition purposes which
   require a six-month time period spent in the state prior to
   enrollment but which preclude the use of time spent in any
   educational or training institution while electing more than
   eight hours per term create a permanent, irrebuttable pre-
   sumption of nonresidence and violate the due process clause of
   the Fourteenth Amendment.

2. COLLEGES AND UNIVERSITIES—RESIDENCY REQUIREMENTS—CONSTITU-
   TIONAL LAW—EQUAL PROTECTION.
   Distinctions drawn between two virtually identical groups with-
   out some demonstrable, rational basis therefor are arbitrary
   and invidious and deny equal protection of the laws; therefore,
   a university's residency regulations for tuition purposes which
   make it possible for the spouses of Michigan residents to obtain
   residency status six months after their marriage or arrival in
   the state, even though they carried a full course load during
   the six-month period, but which preclude single persons from
   using time spent in any educational or training institution
   while electing more than eight hours per term as part of their
   six-month residency period are unconstitutional.

Appeal from Wayne, John M. Wise, J. Submitted
Division 1 February 13, 1974, at Detroit. (Docket
No. 14255.) Decided May 31, 1974. Leave to appeal
applied for.

Complaint by Brenda Lee Blair and Kenneth L.
Gasper against Wayne State University and others
challenging the constitutionality of certain resi-
dency requirements for tuition purposes. Summary

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Colleges and Universities §§ 18, 20.

judgment for defendants. Plaintiffs appeal. Reversed and remanded with instructions.

*Lafferty, Reosti, Jabara, Papakhian & James,* for plaintiffs.

*Byron H. Higgins,* for defendants.

Before: V. J. BRENNAN, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. Plaintiffs first challenge the constitutionality of §§ 1B(1) and (2) of the Wayne State University *Policy for Determining Residence* for tuition purposes which reads as follows:

"B. ADULTS who are residents of the United States.
"1. Official Statement:
"A person over 21 years of age with residence in the United States shall be deemed a resident of Michigan for the purpose of registration in the University if he claims Michigan residence and has resided in Michigan for six months preceding the date of his enrollment, provided that any registrations he may have in any educational institution during that period do not exceed 8 quarter hours per quarter (or 8 semester hours per semester), except in the Law School where any such registrations must be in a part-time curriculum.
"2. Interpretations:
"a. The six months used to establish residence may *not* include:
"1. Time spent in *any* educational or training institution while electing more than 8 hours per term * * * ."

These regulations are indistinguishable from those held unconstitutional in *Vlandis v Kline,* 412 US 441; 93 S Ct 2230; 37 L Ed 2d 63 (1973). The permanent, irrebuttable presumption of nonresidence created by these regulations violates the due process clause of the Fourteenth Amendment.

Plaintiffs also contend that defendant university's refusal to include time spent by a resident as a student in computing the six-month period used to establish residency for single adults, while including it in the case of spouses of Michigan residents, denied the plaintiffs the equal protection of the laws.

According to the Wayne State University *Policy for Determining Residence,* § 1B(2)b, it is possible for the spouses of Michigan residents to obtain residency status for tuition purposes six months after either their marriage or arrival in this state, even though they carried a full course load during the six-month period. The spouses must only present evidence, based on a reasonable combination of seven factors listed in the regulations, that it is the intention of both spouses to make Michigan their permanent domicile. There is no similar provision applicable to single individuals.

The plaintiffs in this case met five of the seven criteria listed in the regulations. If they had been spouses of Michigan residents, they would have been promptly reclassified to residents when they applied for redetermination. They were not reclassified and did not meet the standards for reclassification only because they were single. Distinctions drawn between two virtually identical groups without some demonstrable, rational basis therefor are arbitrary and invidious and deny equal protection of the law. *Department of Agriculture v Moreno,* 413 US 528; 93 S Ct 2821; 37 L Ed 2d 782 (1973); *Frontiero v Richardson,* 411 US 677; 93 S Ct 1764; 36 L Ed 2d 583 (1973); *Gomez v Perez,* 409 US 535; 93 S Ct 872; 35 L Ed 2d 56 (1973); *James v Strange,* 407 US 128; 92 S Ct 2027; 32 L Ed 2d 600 (1972); *Stanley v Illinois,* 405 US 645; 92 S Ct 1208; 31 L Ed 2d 551 (1972); *Reed v Reed,* 404 US 71; 92

S Ct 251; 30 L Ed 2d 225 (1971). Residency regulations for tuition purposes such as those at bar fall within that category. See *Vlandis v Kline, supra,* 412 US at 456–459; 93 S Ct at 2238–2240; 37 L Ed 2d at 74–76 (White, J., concurring).

Reversed and remanded with instructions to enter a judgment ordering these individual plaintiffs reclassified to resident status as of and from the Winter, 1971, quarter.