KILUMA v WAYNE STATE UNIVERSITY

OPINION OF THE COURT

1. COURTS—JURISDICTION—COURT OF CLAIMS—CIRCUIT COURTS—STAT-
UTES.

The Court of Claims under its enabling statute has subject-matter
jurisdiction over claims against state agencies, but that ena-
bling statute does not deny to a circuit court in personam
jurisdiction over an action brought against a state university
(MCLA 600.6419; MSA 27A.6419).

2. LIMITATION OF ACTIONS—TOLLING OF STATUTE—COURTS—JURISDIC-
TION—STATUTES.

The statute of limitations was tolled in an action for libel against
a state university where the action was first erroneously
brought in a circuit court, which properly acquired personal
jurisdiction over the defendant but dismissed the action for
want of subject-matter jurisdiction; the plaintiff's subsequent
filing of an action in the Court of Claims was therefore timely
although it was filed approximately three months after the
statute would otherwise have run (MCLA 600.5856; MSA
27A.5856).

DISSENT BY R. M. RYAN, J.

3. COURTS—JURISDICTION—STATUTES.

*Neither the enabling statute for the Court of Claims nor the
enabling statute for the circuit court limits the jurisdiction
conferred upon or denied to those courts to subject-matter
jurisdiction; the exclusive jurisdiction referred to in each stat-
ute includes both personal and subject-matter jurisdiction
(MCLA 600.605, 600.6419; MSA 27A.605, 27A.6419).*

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 6, 33.
[2, 5] 20 Am Jur 2d, Courts § 174.
[3] 20 Am Jur 2d, Courts §§ 88, 95, 97, 105.
[4] 20 Am Jur 2d, Courts § 216.

4. STATUTES—COURT OF APPEALS—COMMITTEE COMMENTS—ADOPTION OF COMMENTS.

  *The Court of Appeals is not bound by committee comments regarding a statute where those comments have not been specifically adopted in any decision.*

5. LIMITATION OF ACTIONS—TOLLING OF STATUTES—COURTS—JURISDICTION—STATUTES.

  The statute of limitations is not tolled where an action which should be brought in the Court of Claims is erroneously brought in a circuit court because the circuit court is without either personal or subject-matter jurisdiction to entertain the claim (MCLA 600.5856; MSA 27A.5856).

Appeal from Court of Claims, Wade Van Valkenburg, J. Submitted June 16, 1976, at Detroit. (Docket No. 26235.) Decided November 23, 1976. Leave to appeal denied, 399 Mich —.

Complaint by Mark Kiluma against Wayne State University for damages for libel. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*O. Lee Molette,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for defendants.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

D. C. RILEY, J. Plaintiff, Mark Kiluma, appeals from a Court of Claims order granting defendant Wayne State University's motion for accelerated judgment, GCR 1963, 116.1(5), and dismissing plaintiff's libel suit against the university and its

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

campus newspaper, The Southend.[1] The court granted the motion based on the expiration of the one year limitation period on libel actions. MCLA 600.5805(6); MSA 27A.5805(6).

Plaintiff originally instituted suit in Wayne County Circuit Court on March 3, 1975 based on allegedly libelous articles published in The Southend between March 4 and March 7, 1974. However, this action was dismissed on June 9, 1975 with regard to Wayne State University and The Southend pursuant to MCLA 600.6419; MSA 27A.6419, which provides for exclusive jurisdiction in the Court of Claims over suits for claims against the State of Michigan or any of its arms or agencies. Thereafter plaintiff promptly filed a new complaint with the Court of Claims on June 10, 1975, more than 15 months after the last publication date of the articles in question.

The sole issue presented is whether the Michigan tolling statute, MCLA 600.5856; MSA 27A.5856, suspends the running of the statute of limitations where plaintiff improperly brings suit against a state agency in a circuit court rather than in the Court of Claims.

MCLA 600.5856; MSA 27A.5856 provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the

---

[1] Since The Southend is not a separate legal entity, but merely a student activity within the university, we consider Wayne State University as the sole defendant presently before this Court.

statute shall not be tolled longer than 90 days thereafter."

The committee comment to MCLA 600.5856; MSA 27A.5856 illustrates the intended operation of the tolling statute as follows:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled."

Defendant contends, and the Court of Claims agreed, that the tolling statute does not save plaintiff's suit from the operation of the statute of limitations. Defendant argues that the Wayne County Circuit Court never validly obtained in personam jurisdiction over the university; that absent personal jurisdiction, the original circuit court suit filed within the limitation period was void; and that a void action cannot effectively invoke the protection of the tolling statute.

However, we need not address the question whether dismissal of a timely suit based on a failure of personal jurisdiction prevents tolling, for we find defendant's premise to be erroneous. Defendant misperceives the Court of Claims enabling statute, MCLA 600.6419; MSA 27A.6419, by construing it as a denial of personal jurisdiction to the circuit courts. Clearly, defendant errs in asserting that the Wayne County Circuit Court "can never have in personam jurisdiction" over the university. See, *e.g., Blair v Wayne State University,* 53 Mich

App 641; 220 NW2d 202 (1974), *reversed on other grounds,* 393 Mich 769; 224 NW2d 283 (1974).

Moreover, defendant's construction is at odds with *Fox v Board of Regents of the University of Michigan,* 375 Mich 238; 134 NW2d 146 (1965), in which the Supreme Court characterized the enabling act as a statute conferring subject matter jurisdiction on the Court of Claims.

In *Fox,* plaintiff initially brought suit in Washtenaw County Circuit Court against the Board of Regents alleging malpractice arising from an operation performed at the university hospital. The regents moved to dismiss this and two similar cases based on the enabling statute, MCLA 600.6419; MSA 27A.6419. Though acknowledging its lack of jurisdiction, the circuit court transferred the three suits to the Court of Claims rather than dismissing the actions. In vacating the transfer, the Supreme Court said:

"When a court is without *jurisdiction of the subject matter,* any action with respect to such a cause, other than to dismiss it, is absolutely void." 375 Mich at 242. (Emphasis supplied.)

Thus, *Fox* handily disposes of defendant's improper construction of the enabling act. We hold the act confers subject matter jurisdiction on the Court of Claims.

Next, we conclude the Wayne County Circuit Court properly acquired personal jurisdiction over the defendant: the requisite ties, contacts and relations between the university and the state abound; service of process was effected without defect; defendant was seasonably apprised of the pending suit affording ample opportunity to prepare a defense; and defendant did appear. GCR 1963, 105.9; see, *Fulton v Citizens Mutual Insur-*

*ance Co,* 62 Mich App 600, 604; 233 NW2d 820 (1975).

Having obtained personal jurisdiction, the circuit court pursued the only course open to it under *Fox, supra,* namely, dismissal for want of subject matter competence. Such a dismissal falls precisely within the ambit of the tolling statute.[2] Thus, the statute operated to suspend the running of the limitation period. *Ralph Shrader, Inc v The Ecclestone Chemical Co, Inc,* 22 Mich App 213; 177 NW2d 241 (1970), *Stewart v Michigan Bell Telephone Co,* 39 Mich App 360; 197 NW2d 465 (1972).

In *Shrader, supra,* this Court quoted, with approval, Judge Cardozo's opinion in *Gaines v City of New York,* 215 NY 533; 109 NE 594 (1915). The *Gaines* decision bears substantial similarity to the instant case. In *Gaines,* the original suit was dismissed because the court lacked jurisdiction over claims against New York City; plaintiff then reinstituted the cause in the proper forum after the limitation period had lapsed, but within one year of the dismissal. In holding the tolling statute applicable, Judge Cardozo said, and we underscore his language:

"[The tolling statute's] broad and liberal purpose is

---

[2] Our interpretation of the operation of the tolling statute is supported by this excerpt from *Buscaino v Rhodes,* 385 Mich 474, 482; 189 NW2d 202 (1971):

"MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) merely provides a substitute for the repealed CL 1948, § 609.19 (Stat Ann § 27.611). *It deals only with prior lawsuits between the parties which have not adjudicated the merits of the action.* This understanding of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) conforms with the scheme of the five preceding sections of the Revised Judicature Act, all of which deal with extension and suspension of periods of limitations.

"Even the Committee Comment recognizes this function of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856). See 34 MCLA, p 945 and 23 Stat Ann, p 136." (Emphasis supplied.)

The Court went on to cite the committee comment found in our opinion, *supra* at 449.

not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. * * * There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights." 215 NY at 539–540; 190 NE at 596.

Defendant contends that *Smalley v Hutcheon,* 296 NY 68; 70 NE2d 161 (1946), has modified *Gaines, supra.* However, even if we were to feel bound by the supposed modification, we note in passing that *Smalley* is easily distinguishable on its facts and that a later decision, *Amato v Svedi,* 35 App Div 2d 672; 315 NYS2d 63 (1970), has reaffirmed *Gaines.*

Our resolution of the present controversy comports well with our statement in *Cronin v Minster Press,* 56 Mich App 471; 224 NW2d 336 (1974), wherein we said:

"If the reason for the statute of limitations is to protect defendants from the hardship of unearthing evidence long after a cause of action has accrued, if that effect is accomplished by setting an arbitrary deadline within which the plaintiffs must notify defendants of the forthcoming action, if notification is the ultimate goal, and if statutes of limitation are to be read restrictively, then there is no reason why initiation of any good-faith action on this cause of action should not toll the statute. Certainly, the language of the saving statute is broad enough to cover this interpretation, and the policy behind the statute would seem to encompass it." 56 Mich App at 480–481.

Reversed and remanded to the Court of Claims for reinstatement of plaintiff's suit. Costs to abide the final result.

R. M. MAHER, P. J., concurred.

R. M. RYAN, J. *(dissenting)*. I find I must dissent.

I cannot agree that the action commenced by the plaintiff in Wayne County Circuit Court tolled the statute of limitations. MCLA 600.5856; MSA 27A.5856. This is true because the circuit court lacked the requisite *personal* as well as subject matter jurisdiction to entertain the instant claim.

The enabling statute for the Michigan Court of Claims, MCLA 600.6419; MSA 27A.6419, confers upon the Court of Claims *exclusive* jurisdiction "over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies". Wayne State University, needless to say, qualifies as a state institution. Furthermore, the enabling statute for the Michigan Circuit Courts, MCLA 600.605; MSA 27A.605, specifically denied the circuit courts jurisdiction "where exclusive jurisdiction is given '* * * by statute to some other court".

Neither enabling statute limits the jurisdiction conferred or denied to only subject matter jurisdiction. Both statutes utilize the term *exclusive.* Yet the majority maintains that where a plaintiff improperly brings suit against a state institution in a circuit court, the circuit court acquires the requisite in personam jurisdiction for the purposes of the Michigan tolling statute, MCLA 600.5856; MSA 27A.5856.

This interpretation contradicts the clear wording of the Michigan Court of Claims enabling statute and the policy behind that statute. *Ford Motor Co*

*v State Tax Commission,* 63 Mich App 577; 234 NW2d 711 (1975). *Exclusive* jurisdiction plainly means "sole" as to both personal and subject matter jurisdiction. Not "sole" as to subject matter but "concurrent" as to personal, as the majority asserts.

The majority cites the committee comments to the tolling statute as authority for its holding. The statute itself sheds no light on the instant problem. I would only point out that those comments are rather ambiguous when read in their full context. Furthermore, those comments have never been specifically adopted in any Michigan decision; therefore this Court is not bound by those comments. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971).

I submit it would make better sense, as a rule of construction, to decide the case at bar on the plain meaning of the enabling statute rather than on an ambiguous tolling statute and its gratuitous comments. *Peters v Department of State Highways,* 66 Mich App 560; 239 NW2d 662 (1976).

I also must disagree with the majority's interpretation of *Fox v Board of Regents of the University of Michigan,* 375 Mich 238; 134 NW2d 146 (1965). The majority reads that case as only applying to a circuit court's subject matter jurisdiction.

While it is true that the *Fox* case was a subject matter jurisdiction case, there is additional decisional language at the end of that case which makes it clear that its holding also would apply to a circuit court's lack of personal jurisdiction:

"Where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void.

"A court which has determined that it has no juris-

diction should not proceed further except to dismiss the action." *Fox, supra,* at 242–243.

In conclusion, I think that the majority decision might engender serious policy problems. We are indirectly sanctioning misfiled suits and encouraging remiss procedural practice by members of the bar.

I would affirm the decision of the Court of Claims.