Marybeth FANNING and Dr. James Fanning, Plaintiffs,

v.

FOX MEADOW FARM, INC., Polly Howard, an individual, and, Dr. Haynes Stevens, D.V.M., Defendants.

No. Civ. 99–40358.

United States District Court, E.D. Michigan, Southern Division.

Sept. 10, 2001.

922

Julie I. Fershtman, Bingham Farms, MI, Corinne F. Shoop, Gregory & Mayer, Troy, MI, for Defendant.

## ORDER

GADOLA, District Judge.

On January 22, 2001 this Court ordered Plaintiffs to show cause in writing why this civil action should not be dismissed for failure to satisfy the jurisdictional amount of more than $75,000. This Court's subject matter jurisdiction in this civil action is premised upon diversity of citizenship and the existence of a matter in controversy which "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Plaintiffs asserted in their Complaint that the amount in controversy exceeds $75,000. (Compl.¶¶ 5, 55.) Plaintiffs contend that this total is based on, "but not limited to," the following alleged damages:

a. the purchase price of Leo;

b. the loss of value in selling Nick for less than the market value to the plaintiffs;

c. the cost of specialized care, board, and veterinary care for Leo;

d. the purchase price of plaintiffs' replacement show horse; and

e. damages associated with defendants intentional infliction of emotional distress.

(Compl.¶ 55.)

■ As this Court set forth in the Order to Show cause, after reviewing the documents submitted in support of and in opposition to Defendants' Motion for Summary Judgment, the undisputed evidence showed that Plaintiffs purchased the horse Leo for $20,000 plus a $3,000 commission. (*See* Defs.Ex. 1 (Howard Aff.) ¶ 9.) This sale was accomplished by trading the horse Nick (apparently worth $15,000) plus $5,000 cash, and then adding $3,000 for the commission. (*See* Dep.Ex. 1 (bill of sale from Fox Meadow Farm, Inc.); Dep.Ex. 7 (checks written by Plaintiffs for $5,000 and $3,000).) As for the cost of specialized care, board, and veterinary care, Plaintiffs paid $890 for a pre-purchase examination of Leo by Dr. Haynes Stevens (*see* Defs. Br. at 2); $105 for vitamin supplements for Nick and Leo (*see* Dep.Ex. 8); and $380 for some medication for Leo (*see* Dep.Exs. 5, 6). When combined, these amounts fell far short of the more than $75,000 required for this Court to have subject matter jurisdiction.

Rule 12 of the Federal Rules of Civil Procedure provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Therefore, this Court ordered Plaintiffs to substantiate that, at the time this civil action was filed, the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs.

■ In response to this Court's Order to Show Cause, Plaintiff submitted an *ex parte* affidavit of Plaintiff Mary Beth Fan-

ning for *in camera* inspection. According to the cover letter sent to opposing counsel, the affidavit "describes in detail her good faith understanding of what her damages were and it further describes the reasons for her withdrawing her emotional distress claim." (Letter from Allithea E. Killeen, Feb. 2, 2001.) The letter further states that,

> Because the Affidavit includes information which we intend to use at trial but in no way has been the subject of any discovery requests by the defendants, we are enclosing this information *In Camera*, trusting that the entire Affidavit will be sealed. If the Court is unwilling to accept the information in this fashion, please return the Affidavit to my office.

(*Id.*) The Affidavit was not accompanied by a proper motion to seal it. Plaintiffs' suspicion is correct; the Court will not consider the information in this fashion, and will return the Affidavit to Plaintiffs' counsel.

Plaintiffs also submitted an affirmation from their attorney, Allithea E. Killeen, which stated that Plaintiffs agreed to dismiss their intentional infliction of emotional distress claim because Plaintiffs did not want to disclose their medical records. (Killeen Aff. ¶ 9.) In addition, Plaintiffs' counsel affirmed that Plaintiffs' damages for "out of pocket expenses associated with the lame horse exceed $80,000"; "[t]he total of current and projected veterinary related expenses is $16,24.00"; "[t]he total of current and projected board expenses is $25,360"; "[t]he purchase cost of Leo was $23,000.00"; and "[t]he cost of Lucky was $20,000.00." (*Id.* ¶¶ 10–14.) Attorney Killeen also stated that, "[u]nfortunately we are not fully at liberty to describe prior to trial each and every element of our damages, as such revelation would seriously compromise our ability to prove up our case." (*Id.* ¶ 20.)

Defendants responded that the damages enumerated by Plaintiffs' counsel were not disclosed in the course of discovery in spite of requests for any evidence that Plaintiffs would seek to admit at trial. In particular, Defendants' object that Plaintiffs never produced evidence of out of pocket expenses exceeding $80,000, nor evidence from which a trier of fact could conclude that current and projected veterinary expenses total $16,24.00 or that current and projected board expenses total $25,360. In the course of discovery, Defendants requested "[a]ll documents which plaintiff will. or may introduce into evidence at the trial of this case," and Plaintiffs responded that they "have not yet determined which documents they may introduce into evidence at the trial of this case," but that they "understand the continuing nature of this document request and reserve their right to supplement." (*See* Def. Stevens' Ex. A.)

■ In reply, Plaintiffs again submitted an affirmation from their attorney. In that affirmation, Plaintiffs' counsel did not deny that Plaintiffs did not disclose the evidence to which Defendants object. Rather, Plaintiffs' counsel states that, "plaintiffs have no current intention of offering any documents not already produced to the defendants." (Killeen Reply Aff. ¶ 7.) Discovery closed on October 15, 2000, so even if Plaintiffs now decided to offer at trial documents requested by Defendants but not produced, they would not be permitted to do so. *See* Fed.R.Civ.P. 37(c)(1).

■ The standard for dismissing a civil action for failure to meet the jurisdictional amount was established by the Supreme Court of the United States in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), as follows:

The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.... [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed *or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.* Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

\*   \*   \*   \*   \*   \*

■ [A plaintiff's] good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but *by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit.*

*Id.*, at 288–90, 58 S.Ct. 586 (emphasis added). The only damages for which Plaintiffs have admissible evidence show that the amount in controversy at the time of filing was less than $75,000.

A plaintiff should not be permitted to maintain litigation before a federal court when the plaintiff initially asserts that the amount in controversy exceeds $75,000, but then refuses to disclose the evidence in support of that assertion even to the point of dismissing a claim for relief rather than disclosing evidence. Such behavior is not

consistent with a good faith assertion that the amount in controversy exceeds $75,000.

As the United States Court of Appeals noted in *Jones v. Knox Exploration Corp.*, 2 F.3d 181 (6th Cir.1993), the "[l]ack of the jurisdictional amount from the outset—although not recognized until later—is not a subsequent change that can be ignored." *Id.* at 183 (quoting *Moore's Federal Practice* ¶ 0.92[1] (2d ed.1993)). In light of the responses to this Court's Order to Show Cause, this Court can arrive at no other conclusion than that Plaintiffs' claims never could have amounted to the sum necessary to give this Court jurisdiction. Therefore, this Court dismisses this civil action for lack of subject matter jurisdiction.

Counsel for Plaintiff is hereby directed to Section 600.5856 of the Michigan Compiled Laws regarding the tolling of the state statute of limitations. *See Lee v. Grand Rapids Board of Education*, 148 Mich.App. 364, 384 N.W.2d 165 (1986); *Ralph Shrader, Inc. v. Ecclestone Chemical Co.*, 22 Mich.App. 213, 177 N.W.2d 241 (1970).

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that this civil action is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**