HOEKSTRA v BOSE

Docket No. 226838. Submitted September 4, 2002, at Lansing. Decided
    October 18, 2002, at 9:00 A.M. Leave to appeal sought.

> Charles J. Hoekstra brought an action in the Calhoun Circuit Court
> against Soumitra Bose, alleging negligence with respect to an auto-
> mobile accident in Calhoun County. The defendant moved for sum-
> mary disposition, arguing that the action was barred by the applica-
> ble statute of limitations in that the period of limitation was not
> tolled as a result of an Illinois court's dismissal for lack of personal
> jurisdiction over the defendant of an earlier action involving the
> same claim. The court, Allen L. Garbrecht, J., granted the motion.
> The plaintiff appealed.
>
> The Court of Appeals *held*:
>
> MCL 600.5856(a) plainly provides that a statute of limitations or
> repose is tolled at the time the complaint is filed and a copy of the
> summons and complaint is served on the defendant. Subsection a
> does not require for commencement of tolling the establishment of
> personal jurisdiction over the defendant.
>
> Reversed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — TOLLING.

> A period of limitation is tolled at the time the complaint is filed and a
> copy of the summons and complaint is served on the defendant
> regardless of whether personal jurisdiction over the defendant can
> be established (MCL 600.5856[a]).

*James R. Stegman, P.C.* (by *James R. Stegman*),
for the plaintiff.

*Vandeveer Garzia, P.C.* (by *Marc D. Kaszubski,
Hal O. Carroll,* and *James K. Thome*), for the
defendant.

Before: MARKEY, P.J., and CAVANAGH and R. P. GRIFFIN*, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition and dismissing the case with prejudice. We reverse.

On June 25, 1994, plaintiff and defendant were involved in an automobile accident in Calhoun County. At that time, defendant was a licensed driver in the state of Illinois, and he presented to the police officer investigating the accident an Illinois driver's license that indicated that he resided in Wheeling, Illinois. On June 13, 1996, plaintiff filed suit in Illinois against defendant. According to plaintiff, he chose to file in Illinois to facilitate consolidating his claim against defendant with a claim he had arising from a second automobile accident that had occurred in Illinois; plaintiff feared otherwise the outcomes of two separate suits would not be consistent. Defendant wrote a letter to the clerk of the Illinois court, stating that he had been served, but asserting that he did not live in Illinois and had "no idea" where the address had come from. At first, the Illinois court denied defendant's motion to quash service, finding that there were sufficient minimum contacts to establish personal jurisdiction over defendant. Later, the Illinois trial court granted defendant's motion for reconsideration and dismissed the case against defendant, finding that the court lacked personal jurisdiction. On December 29, 1998, that decision was affirmed on

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

appeal. *Hoekstra v Bose,* 302 Ill App 3d 704; 707 NE2d 185 (1998).

On April 14, 1999, plaintiff filed the present suit. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that plaintiff's claim was time-barred because it was filed beyond the three-year limitation period. MCL 600.5805(8).[1] In response, plaintiff argued that the period of limitation was tolled at the time the complaint was filed in Illinois and was served on defendant. MCL 600.5856(a). The trial court granted defendant's motion, finding that the period of limitation was not tolled because the Illinois court never acquired personal jurisdiction over defendant.

We review de novo a trial court's decision on a motion for summary disposition. *Harrison v Olde Financial Corp,* 225 Mich App 601, 605; 572 NW2d 679 (1997). When interpreting a statute, the goal of this Court is to ascertain and effectuate the Legislature's intent. *Morrison v Dickinson,* 217 Mich App 308, 315; 551 NW2d 449 (1996). "The Legislature is presumed to have intended the meaning it plainly expressed." *Id.* If the language of the statute is clear and unambiguous, judicial construction is not permitted. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515, 517-518; 573 NW2d 611 (1998); *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999).

MCL 600.5856 provides as follows:

---

[1] 2000 PA 2, effective February 17, 2000, amended MCL 600.5805 and renumbered the subsections; MCL 600.5805(8) is now designated MCL 600.5805(9).

The statutes of limitations or repose are tolled:

(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.

(b) At the time jurisdiction over the defendant is otherwise acquired.

(c) At the time the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute is not tolled longer than 90 days after the copy of the summons and complaint is received by the officer.

(d) If, during the applicable notice period under [MCL 600.2912b], a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with [MCL 600.2912b].

We find nothing in MCL 600.5856(a) requiring the court to exercise personal jurisdiction over the defendant. According to the plain language of the Legislature, under subsection a, only proper filing and service of the complaint and summons are required to commence tolling. Had the Legislature required more in terms of establishing valid personal jurisdiction, it could have plainly stated so.

Defendant relies on two Michigan cases as primary support for his argument that MCL 600.5856 requires personal jurisdiction over the defendant, regardless of which tolling subsection is applied: *Kiluma v Wayne State Univ*, 72 Mich App 446; 250 NW2d 81 (1976), and *Liddell v Detroit Automobile Inter-Ins Exch*, 102 Mich App 636; 302 NW2d 260 (1981). However, the *Kiluma* Court expressly declined to address that issue and addressed only subject-matter jurisdiction, not personal jurisdiction. *Kiluma, supra* at 449-450. Similarly, *Liddell* concerned lack of subject-matter

jurisdiction and this Court was construing the *second* tolling provision[2] when it said, "[The] tolling provision applies when personal jurisdiction is properly established in a court without subject matter jurisdiction and the matter is then renewed in the proper court." *Liddell, supra* at 654. Thus, the decision in *Liddell* did not involve the predecessor subsection of MCL 600.5856(a) and, therefore, is not helpful in this case because the subsections are clearly disjunctive; tolling begins if the provisions of any one subsection apply. *Liddell* and *Kiluma* properly hold that the reference to jurisdiction in MCL 600.5856(b) does require personal jurisdiction; however, that does not mean that the Legislature intended tolling to begin *only* when the court has personal jurisdiction over the defendant. The plain language of the statute indicates otherwise.

This construction of the statute comports with the policies outlined in *Ralph Shrader, Inc v Ecclestone Chemical Co, Inc,* 22 Mich App 213, 214-215; 177 NW2d 241 (1970). In that case, the plaintiff first filed suit in federal court, but the case was dismissed because diversity was lacking. When a new action was filed in the state court, the trial court dismissed it because the period of limitation had expired. *Id.* at 215. This Court reversed, holding that the matter was tolled while the case was pending in the federal court. *Id.* at 215-216. This Court expressly rejected the defendant's argument that the first suit must have been one in which the court had jurisdiction of the parties and of the subject matter. Instead, the Court

---

[2] The predecessor of MCL 600.5856(b), at that time MCL 600.5856(2), provided that the statute of limitations was tolled when "jurisdiction over the defendant is otherwise acquired."

espoused the reasoning of Judge Cardozo in *Gaines v
City of New York*, 215 NY 533, 539-540; 109 NE 594
(1915):

> "The important consideration is that by invoking judicial
> aid, a litigant gives timely notice to his adversary of a pres-
> ent purpose to maintain his rights before the courts. When
> that has been done, a mistaken belief that the court has
> jurisdiction, stands on the same plane as any other mistake
> of law. Questions of jurisdiction are often obscure and intri-
> cate. . . . There is nothing in the reason of the rule that calls
> for a distinction between the consequences of error in
> respect of the jurisdiction of the court and the conse-
> quences of any other error in respect of a suitor's rights."
> [*Ralph Shrader, Inc, supra* at 216-217.]

This view was reiterated in *Cronin v Minster
Press*, 56 Mich App 471, 480-481; 224 NW2d 336
(1974), where this Court clarified that the rationale
for the statute of limitations is to protect defendants
from having to search for evidence long after a cause
of action accrued. Because notification is the ultimate
objective of the statute of limitations, the Court felt
that the good-faith initiation of an action by the plain-
tiff should toll the period of limitation.

Further support is provided by *Federal Kemper Ins
Co v Isaacson*, 145 Mich App 179, 183; 377 NW2d 379
(1985), where this Court held: "The tolling statute
applies to prior lawsuits between the parties which
have not been adjudicated on the merits. A dismissal
without prejudice is not considered to be an adjudica-
tion on the merits, and therefore the tolling statute
applies." (Citations omitted.) In *Federal Kemper*, this
Court did not extend the tolling provision to a defen-
dant unnamed in the first suit; the plaintiff was per-
mitted only to take advantage of tolling regarding the

defendant who had been a party in the prior, dismissed suit. *Id.* at 182-183.

Other cases cited by defendant illustrate that subsection a will not toll the period of limitation when service is improper or otherwise ineffective. See *Mason v Letts*, 14 Mich App 330; 165 NW2d 481 (1968); *Sanderfer v Mt Clemens Gen Hosp*, 105 Mich App 458; 306 NW2d 322 (1981). However, in the present case there is no dispute that defendant properly received service of the complaint and summons.

On this matter, we are in accord with the further reasoning of Judge Cardozo in *Gaines, supra* at 540-541. In that case, as in the present case,

> [t]he defendant argues that an action dismissed for want of jurisdiction is a nullity in the same sense as if it had never been begun at all. But that is an extreme view. . . . A suitor who invokes in good faith the aid of a court of justice and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum. . . . It may be that a different rule should be applied where the earlier action has been brought with knowledge of the lack of jurisdiction, and in fraud of the statute. Whether that is so we need not inquire at this time. Grotesque or fanciful situations, such as those supposed, will have to be dealt with when they arise. That they are conceivable, though improbable, ought not to govern our construction. [Citation omitted.]

In this case, nothing in the record suggests that plaintiff commenced the action in Illinois in bad faith or for a fraudulent purpose. Plaintiff asserts that he hoped to consolidate the case against defendant with another suit concerning a second automobile accident in which he was involved. That accident had occurred in Illinois a few months after the accident involving

defendant Bose. Fearing that each defendant would point to the other accident as causing plaintiff's injuries, plaintiff sought to litigate the facts in one trial; Illinois appeared to be a viable venue. Plaintiff timely filed suit in Illinois, and likewise filed in Michigan less than four months after the Illinois Court of Appeals affirmed the trial court's dismissal.

Reversed.