**Virginia SAGAN, as personal representative of the estate of Richard Sagan, deceased, and Virginia Sagan, in her individual capacity, Plaintiffs,**

v.

**UNITED STATES of America, Algonac Fire Department, John Stier, Russ Seder, Jerry Doan, and Joe Doan, Defendants.**

**Civ. No. 99–40130.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 10, 2001.

Ronald M. Barron, Andrew W. Mayoras, Barron & Rosenberg, Gary E. Levitt, Bloomfield Hills, MI, for plaintiffs.

Daniel P. Dalton, Johnson, Rosati, Farmington Hills, MI, G. Scott Kirkpatrick, U.S. Department of Justice, Torts Branch, Civil Division, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the Court are Defendant United States' Motion for Summary Judgment and Defendant Algonac Fire Department's Motion for Summary Judgment. For reasons set forth below, this Court grants Defendant United States' Motion for Summary Judgment and dismisses without prejudice the claims for relief asserted against the other Defendants for lack of subject matter jurisdiction.

### Summary of Factual Background

Plaintiffs are Virginia Sagan, as personal representative of the estate of Richard Sagan, deceased, and Virginia Sagan, in her individual capacity. Plaintiff Richard Sagan was and Plaintiff Virginia Sagan is a resident of the Township of Harrison, County of Macomb, State of Michigan.

Defendants are the United States of America (i.e., the U.S. Coast Guard) and the "Algonac Defendants"—the Algonac Fire Department (the City of Algonac is in the County of St. Clair, State of Michigan),[1] and John Stier, Russ Seder, Jerry Doan, and Joe Doan, who are employees of Defendant Algonac Fire Department.

On or about August 30, 1997, after an evening of drinking, Plaintiff Richard Sagan dove head-first into the shallow waters of Little Muscamoot Bay in Lake St. Clair, struck his head on the bottom of the lake

---

1. The proper party should be the City of Algo-nac rather than that city's fire department.

or an object on the bottom of the lake, and severed his spinal column between the C4–C5 level upon impact. Plaintiff Virginia Sagan radioed for help, and the U.S. Coast Guard, the Algonac Defendants, and other local rescue personnel responded to assist Plaintiff Richard Sagan.

The time-line submitted by Plaintiffs is as follows:

11:35 p.m., August 30, 1997—Plaintiff Virginia Sagan first radioed for help;

12:15 a.m., August 31, 1997—the Algonac Defendants arrive by fire boat;

12:18 a.m.—the Coast Guard arrives by boat and informs the parties that a rescue helicopter is en route to take Plaintiff Richard Sagan to the hospital;

after the helicopter arrives the parties realize that the backboard to which Plaintiff Richard Sagan had been secured was incompatible with the "Stokes litter" that the helicopter needed to lift him;

1:10 a.m.—the Coast Guard's attempt to take Plaintiff Richard Sagan to the hospital by helicopter is abandoned;

1:29 a.m.—the Algonac Defendants transport Plaintiff Richard Sagan by fire boat to shore at Walkers Landing;

1:46 a.m.—the fire boat arrives at Walkers Landing and Plaintiff Richard Sagan is transferred to ambulance.

(See Pls.Ex. D.) Hence, according to Plaintiffs' time-line the delay between Defendants' boats arriving on the scene and the Coast Guard's helicopter rescue being abandoned—from 12:15 a.m. until 1:10 a.m.—is 55 minutes.[2]

The injury from the dive rendered Plaintiff Richard Sagan a quadriplegic. Within a month of the injury, he was suffering from pneumonia that treating physicians attributed to his breathing having been affected by his spinal injury, to his having inhaled water after his injury, and/or to his having suffered from hypothermia. (See, e.g., Def.Exs. D, F, G, H.)

Plaintiff Richard Sagan died August 9, 1999. (See Pls.Ex. BB.) According to the Certificate of Death, the "immediate cause" of death was the quadriplegia from which Plaintiff had been suffering for approximately two years and the "underlying cause" that led to the immediate cause was pneumonia from which Plaintiff had been suffering for approximately one month. (Id.)

**Procedural History**

On February 1, 1999, Plaintiffs filed their original Complaint in this civil action against only Defendant United States. At the beginning of April, 1999, this civil action was transferred to this Court from the Honorable Robert E. DeMascio pursuant to Administrative Order No. 99–AO–014.

On August 13, 1999, this Court entered a stipulated order permitting Plaintiffs to file their First Amended Complaint thereby adding the Algonac Defendants under this Court's supplemental jurisdiction. On August 11, 2000, pursuant to Magistrate Judge Virginia Morgan's Order, Plaintiffs filed Second Amended Complaint in which they alleged the following: United States of America (i.e., U.S. Coast Guard) acted negligently toward Plaintiffs (Count I), and Defendants Algonac Fire Department, John Stier, Russ Seder, Jerry Doan, and Joe Doan acted negligently toward Plaintiffs (Count II).

Discovery closed on August 31, 2000. On September 15, 2000, Defendants filed their motions for summary judgment. A hearing was held on November 28, 2000, the Honorable Paul V. Gadola presiding,

---

**2.** Plaintiffs assert that the delay attributable to the Coast Guard was 1 hour and 20 minutes, but Plaintiffs appear to be including the time that the other Defendants took to get Plaintiff Richard Sagan to shore.

and all parties were given the opportunity to present arguments in support of or in opposition to these motions.

## Discussion

### 1. Standard for summary judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky De-*

*partment of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

## 2. Analysis

### a. Defendant United States' Motion for Summary Judgment

■ Plaintiffs filed suit against the United States pursuant to the Suits in Admiralty Act ("SIAA"), 46 U.S.C. §§ 740, *et seq.* (*See* Magistrate Judge Morgan's Memorandum Opinion of July 31, 2000 at 2.) "The SIAA is the exclusive remedy against the United States for maritime torts.... In contrast to the Federal Tort Claims Act ..., the SIAA does not incorporate state tort law, inasmuch as maritime tort law is federal law." *Patentas v. United States,* 687 F.2d 707, 713 (3d Cir. 1982) (internal citations omitted); *see Good v. Ohio Edison Company,* 149 F.3d 413, 420 n. 13 (6th Cir.1998). The SIAA itself does not create a cause of action against the United States. *See Good,* 149 F.3d at 419; *Myers v. United States,* 17 F.3d 890, 894 (6th Cir.1994). Therefore, Plaintiffs must show that the United States (i.e., U.S. Coast Guard) would be liable under maritime tort law for the same conduct.

■ Federal law provides that the United States Coast Guard "shall" establish and operate rescue facilities and that it "may" render aid to protect persons and property at any time such facilities are available. *See* 14 U.S.C. § 88; *United States v. Sandra & Dennis Fishing Corp.,* 372 F.2d 189, 195 (1st Cir.1967); *Frank v. United States,* 250 F.2d 178, 180 (3d Cir. 1957); *Albinder v. United States,* 703 F.Supp. 246, 247 (S.D.N.Y.1987). The Coast Guard does not have an affirmative duty to rescue persons in distress.

■ Once the Coast Guard undertakes a rescue operation, however, it must act with reasonable care, and its actions are judged according to the so-called "Good Samaritan" doctrine, the same as any private

actor. *See Patentas,* 687 F.2d at 717; *Korpi v. United States,* 961 F.Supp. 1335, 1346 (N.D.Cal.1997); *Albinder,* 703 F.Supp. at 247; *Kurowsky v. United States,* 660 F.Supp. 442, 450 (S.D.N.Y. 1986); Paul A. Kettunen, *United States Coast Guard Rescue Operations and the Good Samaritan Doctrine,* 76 Mich.B.J. 696 (July, 1997). The "Good Samaritan" doctrine "makes one person liable to another for breach of a duty voluntarily assumed by affirmative conduct, even when that assumption of duty is gratuitous." *Patentas,* 687 F.2d at 713–14 (citing *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955)); *see Good,* 149 F.3d at 419; *Wellington Transportation Company v. United States,* 481 F.2d 108, 111 (6th Cir.1973); *United States v. Devane,* 306 F.2d 182, 186 (5th Cir. 1962); *Kurowsky,* 660 F.Supp. at 450; *Albinder,* 703 F.Supp. at 247; *Miller v. United States,* 614 F.Supp. 948, 954 (D.Me. 1985); *See* Kettunen, *supra,* at 697.

Maritime tort law recognizes the "Good Samaritan" doctrine of liability. *See Good,* 149 F.3d at 420; *Patentas,* 687 F.2d at 714. The Restatement (Second) of Torts ("Restatement"), Section 323 (entitled "Negligent Performance of Undertaking to Render Services"), provides a detailed statement of this doctrine:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

Similarly, the Restatement (Second) of Torts, Section 324A (entitled "Liability to Third Person for Negligent Performance of Undertaking"), provides that:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

In the instant case, if the Coast Guard undertook to render services in order to aid Plaintiff Richard Sagan, then Plaintiffs must prove that the Coast Guard was negligent in carrying out that undertaking. *See Good,* 149 F.3d at 420; *Myers,* 17 F.3d at 902. Here, Plaintiffs assert that the Coast Guards' failure to exercise reasonable care in the rescue operation increased the risk of physical harm to Plaintiff Richard Sagan.

■ As in *Good,* 149 F.3d at 420, the parties focused on the element of proximate cause. "Of all the elements necessary to support recovery in a tort action, causation is the most susceptible to summary determination." *American & Foreign Insurance Co. v. General Electric Co.,* 45 F.3d 135, 140 (6th Cir.1995) (citation omitted). Defendant United States asserts that there is no evidence that it was the proximate cause of Plaintiff Richard Sagan's injuries. The Coast Guard is liable only if its failure to exercise due care was a proximate cause of the person's injury. *See Albinder,* 703 F.Supp. at 248;

*Miller,* 614 F.Supp. at 954. In order to demonstrate proximate cause, Plaintiffs must show that the Coast Guard, through affirmative actions, caused " 'some physical change to the environment or some other material alteration of circumstances.' " *Patentas,* 687 F.2d at 717 (quoting Restatement, § 324A cmt. c, illus. 1); *see Good,* 149 F.3d at 421; *Myers,* 17 F.3d at 903. "The test is not whether the risk was increased over what it would have been if the defendant had not been negligent," but rather whether "the risk [wa]s increased over what it would have been had the defendant not engaged in the undertaking at all." *Myers,* 17 F.3d at 903; *see Good,* 149 F.3d at 421.

■ In response, Plaintiffs must produce evidence sufficient to create a genuine issue of material fact that the risk of physical harm to Plaintiff Richard Sagan was increased by the Coast Guard's undertaking over what the risk of physical harm to that Plaintiff would have been had Defendant not engaged in the undertaking at all. Plaintiffs have cited evidence demonstrating that Defendant's allegedly negligent delay in coming to Plaintiff Richard Sagan's rescue exacerbated that Plaintiff's injuries eventually resulting in the pneumonia that contributed to his death, but this is not the proper standard, as discussed above. Plaintiffs have not produced evidence that Defendant's actions increased Plaintiff Richard Sagan's injuries over what those injuries would have been had Defendant not attempted the rescue at all. Furthermore, Plaintiffs' "evidence" that a delay in rescue "probably" or "could have" contributed to injury is no more than conjecture or speculation and is insufficient to raise an issue of fact to defeat a summary judgment motion. *See Paisley v. Waterford Roof Truss, Ltd.,* 968 F.Supp. 1189, 1196–97 (E.D.Mich.1997), and cases cited therein.

According to Rule 56 of the Federal Rules of Civil Procedure, if the nonmoving party does not respond to a motion for summary judgment with specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial, then "summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). Because there is not sufficient evidence of proximate cause, this Court grants Defendant United States' Motion for Summary Judgment.

### b. Algonac Defendants' Motion for Summary Judgment

Because the Court grants Defendant United States' Motion for Summary Judgment, the Court also dismisses without prejudice the claims for relief asserted against the other Defendants for lack of subject matter jurisdiction because those Defendants are before this Court based only on this Court's supplemental jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (concluding that, in general, "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

Counsel for Plaintiff is hereby directed to Section 600.5856 of the Michigan Compiled Laws regarding the tolling of the state statute of limitations. *See Lee v. Grand Rapids Board of Education*, 148 Mich.App. 364, 384 N.W.2d 165 (1986); *Ralph Shrader, Inc. v. Ecclestone Chemical Co.*, 22 Mich.App. 213, 177 N.W.2d 241 (1970).

### Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant United States' Motion for Summary Judgment [Docket Entry 53] is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims for relief asserted against the re-maining Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED.**

### *JUDGMENT*

The above-entitled action having come before the Court, the Honorable Paul V. Gadola, presiding, the issues having been duly considered, a decision having been duly rendered, and Defendants Algonac Fire Department, John Stier, Russ Seder, Jerry Doan, and Joe Doan having been dismissed without prejudice,

**IT IS HEREBY ORDERED AND ADJUDGED** that judgment be entered in favor of Defendant United States of America and against Plaintiffs.

**IT IS FURTHER ORDERED** that the Clerk serve a copy of this Judgment by United States mail on counsel for Plaintiff and on counsel for Defendants.