**Virginia SAGAN, as personal representative of the estate of Richard Sagan, deceased, and Virginia Sagan, in her individual capacity, Plaintiffs,**

v.

**UNITED STATES of America, City of Algonac, John Stier, Russ Seder, Jerry Doan, and Joe Doan, Defendants.**

No. CIV. 99–40130.

United States District Court,
E.D. Michigan,
Southern Division.

March 2, 2004.

Gary E. Levitt, Troy, MI, for Plaintiffs.

G. Scott Kirkpatrick, U.S. Department of Justice, Torts Branch, Civil Division, Michelle T. Delemarre, U.S. Department of Justice, Torts Branch, Civil Division, Washington, DC, Daniel P. Dalton, Tomkiw Dalton (Royal Oak), Royal Oak, MI, for Defendants.

### ORDER

GADOLA, District Judge.

Plaintiffs originally filed this case on February 1, 1999 against only the United States of America. Jurisdiction over the claims against the United States is based on admiralty and maritime jurisdiction and the Suits in Admiralty Act, 46 U.S.C. Appx § 741 et seq. *See also* 28 U.S.C. § 1333; 2d Am. Compl. at ¶ 1–12. On August 13, 1999, the Court entered a stipulated order permitting Plaintiffs to file a First Amended Complaint. The First Amended Complaint added state law claims against the Algonac Fire Department and individual employees of the Fire Department, namely, John Stier, Russ Seder, Jerry Doan, and Joe Doan (the "Algonac Defendants"). These parties and claims were added un-

der this Court's supplemental jurisdiction, 28 U.S.C. § 1367; there are no allegations of diversity jurisdiction. *See* 2d Am. Compl. at ¶ 1–12. A stipulated order subsequently changed the caption from "Algonac Fire Department" to "City of Algonac."

On September 10, 2001, the Court granted summary judgment to the United States, thereby dismissing the federal claims in the case. *Sagan v. United States,* 157 F.Supp.2d 824 (E.D.Mich.2001) (Gadola, J.). The Court noted that the Supreme Court of the United States advised that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Id.* at 830 (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Accordingly, the Court dismissed the claims against the Algonac Defendants without prejudice for lack of subject matter jurisdiction. Because the Court determined that it lacked jurisdiction, the Court did not address the merits of the claims against the Algonac Defendants.

The Sixth Circuit subsequently reversed this Court's order granting summary judgment for the United States and remanded the case for further proceedings. As a result of the reversal, the Sixth Circuit stated that "the claims against the Algonac Defendants must also be remanded based on 28 U.S.C. § 1367(a)." *Sagan v. United States,* 342 F.3d 493, 501 (6th Cir.2003). Thus, pursuant to the Sixth Circuit's order, the claims against the Algonac Defendants are presently before this Court based on supplemental jurisdiction.

After the Sixth Circuit's mandate of August 25, 2003, this Court issued a scheduling order for further proceedings in accordance with the Sixth Circuit opinion and order. Presently before the Court is a motion by the Algonac Defendants to rehear their motion for summary judgment.

Plaintiffs filed a response to this motion in which they request that the Court deny the Algonac Defendants' summary judgment motion on the merits. Plaintiffs do not suggest reasons why the Court should not address the merits of the Algonac Defendants' summary judgment motion.

Since neither this Court nor the Sixth Circuit has addressed the Algonac Defendants' motion for summary judgment on the merits, the Court determines that adjudicating the summary judgment motion would not be inconsistent with the Sixth Circuit opinion and order. However, as substantial time and a Sixth Circuit opinion in this case have intervened since the filing of the original motion for summary judgment in 2000, the Court will order new briefing to adjudicate the issues. The briefing schedule shall be as ordered below.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Algonac Defendants' motions to rehear the motion for summary judgment [docket entry 90] is **GRANTED.**

The Algonac Defendants may file a renewed motion for summary judgment within **fourteen (14) days** of service of this order.

Plaintiffs shall file a response brief within **fourteen (14) days** of service of the motion.

A reply brief may be filed in accordance with federal and local rules.

**SO ORDERED.**